IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CASEY LAMONT WILLIAMS, JR.,

            Plaintiff,

vs.                                          Case No. 21-3078-SAC

DOUGLAS COUNTY CORRECTIONAL
FACILITY, et al.,

            Defendants.

**O R D E R**

Plaintiff, pro se, has filed this action alleging violations of his constitutional rights in relation to his incarceration at the Douglas County Correctional Facility (DCCF). Plaintiff has presented his complaint on forms for bringing an action pursuant to 42 U.S.C. § 1983.[1] This case is before the court for the purposes of screening pursuant to 28 U.S.C. § 1915A.

I. Screening standards

Section 1915A requires the court to review cases filed by prisoners seeking redress from a governmental entity or employee to determine whether the complaint is frivolous, malicious or fails to state a claim upon which relief may be granted. A court liberally construes a pro se complaint and applies "less stringent

---

[1] Title 42 United States Code Section 1983 provides a cause of action against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . causes to be subjected, any citizen of the United States . . . to the deprivation of by rights, privileges, or immunities secured by the Constitution and laws [of the United States]."

1

standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). But, a pro se litigant is not relieved from following the same procedural rules as any other litigant. See Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992). Conclusory allegations without supporting facts "are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997). However, "if the court can reasonably read the pleadings to state a valid claim on which the [pro se} plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority [or] his confusion of various legal theories." Hall, 935 F.2d at 1110.

When deciding whether plaintiff's complaint "fails to state a claim upon which relief may be granted," the court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The court accepts the plaintiff's well-pled factual allegations as true and views them in the light most favorable to the plaintiff. United States v. Smith, 561 F.3d 1090, 1098 (10th Cir. 2009). The court

2

may also consider the exhibits attached to the complaint. Id. The court, however, is not required to accept legal conclusions alleged in the complaint as true. Iqbal, 556 U.S. at 678. "Thus, mere 'labels and conclusions' and 'a formulaic recitation of the elements of a cause of action' will not suffice" to state a claim. Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting Twombly, 550 U.S. at 555).

A viable § 1983 claim must establish that each defendant caused a violation of plaintiff's constitutional rights. Walker v. Mohiuddin, 947 F.3d 1244, 1249 (10th Cir. 2020)(quoting Pahls v. Thomas, 718 F.3d 1210, 1228 (10th Cir. 2013)).

> Plaintiffs must do more than show that their rights were violated or that defendants, as a collective and undifferentiated whole, were responsible for those violations. They must identify specific actions taken by particular defendants, or specific policies over which particular defendants possessed supervisory responsibility…

Id. at 1249-50 (quoting Pahls); see also, Robbins v. State of Oklahoma, 519 F.3d 1242, 1250 (10th Cir. 2008)("a complaint must make clear exactly who is alleged to have done what to whom").

II. The complaint

The complaint names the following defendants: Gary Bunting, facility administrator at DCCF; (fnu) Roome, Captain at DCCF; (fnu) Hardy, Lieutenant at DCCF; (fnu) Evans, Deputy at DCCF; (fnu) Carlson, Lieutenant at DCCF; (fnu) Qualls, Lieutenant at DCCF;

3

(fnu) Morris, Sergeant at DCCF; B. Phralcornklen, Deputy at DCCF; (fnu) Vopat, Deputy at DCCF; and (fnu) Griffith, Deputy at DCCF.

The complaint makes the following allegations against defendants collectively. Plaintiff claims that "they" caused permanent damage to plaintiff's injured arm when they failed to follow up with medical appointments, offer physical therapy, and used excessive force against plaintiff from August 6, 2019 to February 19, 2021. Plaintiff further alleges that on January 1, 2021 he said he felt suicidal and "they" put plaintiff in a cell without water, a mattress, toilet paper and all his clothes except his pants for more than 24 hours. Plaintiff alleges he attempted to hang himself and then "they" beat plaintiff and threatened him with mace and tazers. Plaintiff also claims a denial of medical attention.

Plaintiff further alleges that defendant Hardy had numerous females observe plaintiff while he was naked for several hours. He claims that defendant Evans and defendant Hardy denied his requests for water and toilet paper. He asserts that defendant Morris led officers into his cell on January 29, 2021 and that the officers beat plaintiff, refused him dinner, and made him sit naked in his own urine and feces for more than two hours. Finally, plaintiff alleges that either defendant Vopat or defendant Griffith (it is not clear which) tazed plaintiff in the genitals and that defendant Vopat injured plaintiff's arm.

4

Plaintiff asserts a violation of his right to decent living conditions under the Eighth Amendment; a violation of his Fourth Amendment right against unreasonable search and seizure; and a violation of the Eighth Amendment right to adequate medical care.

It is not clear from the complaint whether plaintiff was a pretrial detainee or whether he was serving a sentence when the events described in the complaint occurred.

III. Defendants Bunting, Roome, Carlson, Qualls and Phralcornklen.

The complaint makes no allegations which specifically describe an action taken by defendants Bunting, Roome, Carlson, Qualls and Phralcornklen. As previously stated, plaintiff cannot state a claim by making undifferentiated allegations against a collection of defendants. The complaint must allege who did what to whom. Plaintiff has failed to do this as to these defendants. This failure to describe their personal participation in alleged legal violations is fatal to plaintiff's effort to state a claim against them. See Fogarty v. Gallegos, 523 F.3d 1147, 1162 (10th Cir. 2008)(personal participation in a constitutional violation is essential for individual liability under 42 U.S.C. § 1983).

IV. Cross-gender viewing of plaintiff naked

The Tenth Circuit has recognized that the constitutionality of prison guards observing members of the opposite sex undressed is dependent on the scope of the intrusion, the manner in which it is conducted, the justification for initiating it and the place in

5

which it is conducted. See Hayes v. Marriott, 70 F.3d 1144, 1147 (10th Cir. 1995). It appears that plaintiff claims he was viewed naked by females during one day while plaintiff was on suicide watch. Plaintiff alleges that defendant Hardy had "numerous females" observing him for hours at a time. It is not clear, however, who the females were, what their jobs were, if plaintiff was on suicide watch, how long plaintiff was nude, if this happened only one day, whether plaintiff was viewed by females on camera or in person, and whether plaintiff was viewed constantly or intermittently. These are facts which would be helpful in determining whether plaintiff has stated a claim for a violation of his privacy rights under the Constitution.

V. Denial of water and toilet paper

Plaintiff does not allege how long he was denied water by defendant Evans or toilet paper by defendant Hardy. He also does not allege that he was caused harm by this. Because plaintiff does not describe conditions which are objectively unreasonable, he has not stated a constitutional violation for which he may recover. See Crowson v. Washington County Utah, 983 F.3d 1166, (10th Cir. 2020)(a claim under § 1983 cannot survive a determination that there has been no constitutional violation).

VI. Excessive force

Courts have recognized that force may be displayed and employed to maintain order or personal safety. See Cortez v.

6

McCauley, 478 F.3d 1108, 1130-31 (10th Cir. 2007)(discussing use of force in a Terry stop situation).  To determine whether the force used was excessive requires a balancing of individual and governmental interests.  Graham v. Connor, 490 U.S. 386, 396 (1989); see also Hudson v. McMillian, 503 U.S. 1, 7 (1992)(court should consider whether force was used to maintain or restore discipline, or to cause harm).  The ultimate issue is whether the officers' actions were objective reasonable in light of the facts and circumstances.  Id. at 397.  This requires knowledge of whether plaintiff was posing an immediate threat to the officers' safety or to institutional order, and whether plaintiff was resisting the orders of the officers.  Id. at 396.

The complaint makes general claims that plaintiff was beaten, tazed, had his arm injured, and was forced to sit in his own waste.  The complaint does not state who engaged in beating plaintiff or who knowingly forced plaintiff to sit in his own waste for more than two hours.  It is not clear which defendant tazed plaintiff, how plaintiff's arm was injured on February 19, 2021, or the extent of the injury.  The complaint does not describe the details of the alleged beating on January 29, 2021 or the details of the events on February 19, 2021.  It does not describe the situation the officers were involved in or plaintiff's conduct.

Plaintiff's general claims that he suffered a beating, tazing or excessive force are not sufficiently specific to give fair

notice of a claim for relief. See Anderson v. Easter, 2020 WL 2306616 *2 (D.Kan. 5/8/2020)(collecting cases rejecting vague assertions of assault or excessive force). Plaintiff's claims also fall short of describing a clearly established constitutional violation. See Thompson v. Orunsolu, 798 Fed. Appx. 288, 291 (10th Cir. 2020)(suggesting deferential review of prison guard's use of pepper spray because instantaneous decisions to apply force are required to preserve internal order); Stevenson v. Cordova, 733 Fed.Appx. 939 (10th Cir. 2018)(denying claim on qualified immunity grounds where it was not clearly established that use of taser was excessive under Eighth Amendment analysis where inmate refused order to cuff up).

Under these circumstances, the court shall request that plaintiff file an amended complaint to more fully describe his claims of excessive force.

VII. Threats and harassment

Plaintiff makes general claims of threats and harassment. These claims are too conclusory to state a plausible claim for relief. Tenth Circuit precedent also suggests that they do not rise to the level of a constitutional claim. Cf., McBride v. Deer, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001) (verbal threats and taunts do not violate Eighth Amendment); Adkins v. Rodriguez, 59 F.3d 1034, 1037 (10th Cir. 1995)(verbal sexual harassment does not amount to Eighth Amendment violation); Vann v. Fewell, 2020 WL

8

7488971 *5 (D.Kan. 12/21/2020)(same holding supported by collection of Tenth Circuit cases relating to verbal abuse).

## VIII. Medical attention

Plaintiff's allegations regarding the lack of medical attention are too broad and conclusory and are untied to a named defendant. Therefore, they fail to state a plausible claim for relief. See Cary v. Hickenlooper, 674 Fed.Appx. 777, 780 (10th Cir. 2016)(alleged denial of "appropriate medical care" is insufficient to state a claim for relief); Gee v. Pacheco, 627 F.3d 1178, 1192 (10th Cir. 2010)(rejecting vague and conclusory allegations regarding lack of medical treatment).

## IX. Conclusion

In conclusion, the court finds that plaintiff has failed to state a claim for relief and the court shall grant plaintiff time until September 10, 2021 to show cause why this case should not be dismissed or to file an amended complaint which corrects the deficiencies found in the original complaint. An amended complaint should be printed on forms supplied by the Clerk of the Court which may be supplemented. Failure to respond to this order may result in the dismissal of this case.

**IT IS SO ORDERED.**

Dated this 10th day of August 2021, at Topeka, Kansas.

s/Sam A. Crow
U.S. District Senior Judge